**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000355
24-SEP-2024
08:00 AM
Dkt. 119 SO**

NOS. CAAP-20-0000355 AND CAAP-22-0000411

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DEUTSCHE BANK AND TRUST COMPANY AMERICAS AS INDENTURE
TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT
TRUST 2006-2, MORTGAGE-BACKED NOTES, SERIES 2006-2,
Plaintiff-Appellee,
v.
JAMES ANTHONY SCILLA, Defendant-Appellant,
and
AMERICAN HOME MORTGAGE; STATE OF HAWAIʻI - DEPARTMENT
OF TAXATION; ASSOCIATION OF APARTMENT OWNERS OF
KO OLINA FAIRWAYS, Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC141000861)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

In this consolidated appeal, Defendant-Appellant James Anthony Scilla (**Scilla**) appeals from the Circuit Court of the First Circuit's (**Circuit Court**)[1] April 13, 2020 Judgment entered on a decree of foreclosure and its March 24, 2022 Judgment entered on an order confirming the subsequent foreclosure sale. Scilla raises ten points of error in which he contends the Circuit Court erred in granting a foreclosure decree in favor of Plaintiff/Counterclaim Defendant-Appellee Deutsche Bank and Trust Company Americas as Indenture Trustee for American Home Mortgage Investment Trust 2006-2, Mortgage-Backed Notes, Series 2006-2 (**DB**), and in confirming the subsequent foreclosure sale, because DB failed to prove (1) that it had standing to foreclose in its capacity as trustee or (2) that it was validly assigned the subject mortgage (**Mortgage**).[2]

Upon careful review of the record and the briefs submitted, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Scilla's arguments as follows, and affirm.

We review the grant of summary judgment de novo. U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 30, 398 P.3d 615, 619 (2017). To establish standing to foreclose, the "plaintiff must necessarily prove its entitlement to enforce the [promissory] note." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 368, 390 P.3d 1248, 1255 (2017) (citation omitted). "Whether a party is entitled to enforce a promissory note is determined by application of [Hawaii Revised Statutes (**HRS**)] § 490:3-301

---

[1]     The Honorable Jeffrey P. Crabtree presided.

[2]     For clarity, we have consolidated the seven points raised in CAAP-20-0000355, the foreclosure appeal, with the three points raised in CAAP-22-0000411, the appeal from the order confirming the sale, into two main contentions upon which all of Scilla's points rest.

2

. . . ." Id. at 369, 390 P.3d at 1256. HRS § 490:3-301 (2008) provides that: "'Person entitled to enforce' an instrument means (i) the holder of the instrument." When a note is indorsed in blank, it "becomes payable to bearer and may be negotiated by transfer or possession alone." Reyes-Toledo, 139 Hawai‘i at 370, 390 P.3d at 1257 (citation omitted). Thus, when a lender forecloses on a mortgage secured by a blank-indorsed note, the lender must establish that it held the note at the time it filed the complaint. Id.

Here, the record shows that DB established standing to foreclose. Notably, Scilla does not dispute that the subject promissory note (**Note**) is indorsed in blank or that DB physically possessed it at the time it filed the April 7, 2014 foreclosure complaint, but only argues that the indorsement is not dated. See U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawai‘i 315, 328 n.11, 489 P.3d 419, 432 n.11 (2021) ("[When] standing is based on possession of a Note indorsed in blank, the admissible evidence must also show that the blank indorsement occurred before the initiation of the suit.") (citation omitted). DB produced testimony in the form of a declaration by Sony Prudent (**Prudent**), an employee of Ocwen Financial Corporation, "whose indirect subsidiary" is the current loan servicer. Prudent testified that, in June 2006, the subject loan was securitized and transferred to the trust identified in the caption pursuant to the terms of a mortgage loan purchase agreement, and as part of the securitization, the original Note, indorsed in blank, was "deliver[ed] to, and deposit[ed] with" DB as trustee. Scilla fails to demonstrate that such testimony is inadmissible.[3] Thus,

_____

[3]    Scilla's argument, that a foreclosing lender must also plead and prove its capacity to act as trustee to establish standing to foreclose a

the record is sufficient for the Circuit Court to conclude the Note was indorsed in blank when DB took possession of it, prior to filing the Complaint. Cf. Reyes-Toledo, 139 Hawai'i at 370, 390 P.3d at 1257 (observing a genuine issue of fact as to standing because the blank-indorsed promissory note was not dated and the declaration supporting the summary judgment motion failed to "indicate when the indorsement occurred"). Therefore, the Circuit Court did not err in concluding DB has standing to foreclose as the holder of the Note under HRS § 490:3-301(i).

As to Scilla's argument that DB was not validly assigned the Mortgage, the Circuit Court correctly concluded that Scilla is barred from relitigating the validity of the assignment of Mortgage to DB under principles of res judicata and/or collateral estoppel, as that issue was already decided by the United States District Court for the District of Hawai'i in Scilla v. Deutsche Bank Tr. Co. Americas, Civ. No. 11-00061 BMK. Further, DB's possession of the blank-indorsed Note demonstrates it is entitled to foreclose on the Mortgage, as the transfer of a blank-indorsed promissory note also transfers the right to enforce the mortgage. See HRS § 490:9-203(g) (2008)("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); Reyes-Toledo, 139 Hawai'i at 371 n.17, 390 P.3d at 1258 n.17 (stating that "the security follows the debt") (citations

---

Mortgage and Note held in trust, lacks merit. None of the cases Scilla cites stand for that proposition. Rather, each case turned on whether the foreclosing lender established standing by proving it was the note holder when the complaint was filed, or that it had authority to act on behalf of the holder or party to whom the note was specially indorsed.

omitted); <u>Agard v. Deutsche Bank Nat. Tr. Co.</u>, No. CAAP-13-0002872, 2015 WL 337254, at *1 (Haw. App. Jan. 26, 2015) (holding that the mortgage was automatically transferred with the underlying note).

For these reasons, we affirm the April 13, 2020 Judgment and March 24, 2022 Judgment, both entered by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, September 24, 2024.

On the briefs:

R. Steven Geshell,
for Defendant-Appellant

Jade Lynne Ching,
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge